FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 13 2008

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| FELIPE G. GUZMAN,<br><br>    Petitioner,<br><br>v.<br><br>DARREL G. ADAMS, Warden,<br><br>    Respondent. | No. CV 07-6072-GW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: August 11, 2008

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FELIPE G. GUZMAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DARREL G. ADAMS, Warden,<br><br>　　　　　Respondent. | No. CV 07-6072-GW (AGR)<br><br>REPORT AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE |

　　　　The Court submits this Report and Recommendation to the Honorable George H. Wu, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be dismissed without prejudice.

///
///
///
///
///
///
///

# I.

## SUMMARY OF PROCEEDINGS

Pursuant to 28 U.S.C. § 2254, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court on September 18, 2007 ("Petition"). According to the Petition, Petitioner was convicted by a Los Angeles Superior Court jury of forcible lewd acts upon a child under the age of 14 (Cal. Penal Code § 288(a), (b)(1); Id. § 647.6(a)). (Petition at 2.) The trial court sentenced Petitioner to a state prison term of 19 years. (Id.) On February 27, 2006, the Court of Appeal affirmed. (Lodged Document ("LD") 4.) On May 10, 2006, the California Supreme Court denied the petition for review. (LD 6.)

The Petition raised two grounds: (1) ineffective assistance of counsel; and (2) jury error, sentencing error under both one-strike and non-one-strike sentencing. (Petition at 5.) On November 20, 2007, Respondent filed a motion to dismiss on the ground that Ground Two was not exhausted in the California Supreme Court.

Petitioner's opposition to Respondent's motion to dismiss was due on December 20, 2007. Petitioner did not file an opposition.

On January 10, 2008, the Court issued an Order that Petitioner file an opposition no later than February 11, 2008. The Order warned Petitioner that "failure to oppose a motion to dismiss may be construed as consent to the granting of the motion, and may result in dismissal of the action. Local Rule 7-12." Petitioner did not file an opposition in response to the Court's Order.

On February 28, 2008, the Court issued an Order stating that it had determined Ground Two of the Petition is unexhausted. Accordingly, the Petition is a "mixed petition" containing one exhausted ground and one unexhausted ground.

The Court's Order dated February 28, 2008, explained to Petitioner that he has three options which he must exercise on or before March 28, 2008. If Petitioner wished to exhaust Ground Two, Option A permitted Petitioner to file a supplemental brief that requested a stay of his Petition and set forth good cause for failure to exhaust Ground

Two previously.[1] If Petitioner wished to proceed only on his exhausted ground, Option B permitted Petitioner to file a Notice of Voluntary Dismissal of Ground Two Without Prejudice. The Order explained that if he exercised Option B, a later federal habeas petition based on the voluntarily dismissed Ground Two may be deemed a second or successive petition over which a district court does not have jurisdiction unless the Petitioner first obtains authorization from the court of appeals.[2] If Petitioner wished to allow the Petition to be dismissed without prejudice and return to state court to exhaust his claims, Option C permitted Petitioner to file a Notice of Dismissal of Petition pursuant to Fed. R. Civ. P. 41(a)(1). The Order explained that any new federal habeas petition will be subject to the one-year statute of limitations.[3] The Order clearly stated that Petitioner must elect one of the options on or before March 28, 2008. The Order clearly warned that "[i]f he does not do so, the court will recommend that this Petition be dismissed without prejudice as a mixed petition."

## II.
## DISCUSSION

The AEDPA expressly provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

---

[1]   See *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

[2]   28 U.S.C. § 2244(b)(3)(A); see *Burton v. Stewart*, 127 S. Ct. 793, 797-99, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and internal quotations omitted), *cert. denied*, 538 U.S. 984 (2003).

[3]   28 U.S.C. § 2244(d)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied*, 513 U.S. 935 (1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995). Exhaustion is a prerequisite to obtaining federal habeas corpus relief. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Accordingly, a federal court will not review a petition for writ of habeas corpus unless it appears that the prisoner has exhausted before the California Supreme Court every claim presented. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Petitioner filed a "mixed petition" containing one exhausted claim (Ground One) and one unexhausted claim (Ground Two). Ground Two alleges jury error, sentencing error under both one-strike and non-one-strike sentencing. (Petition at 5.) Ground Two was not contained in the petition for review. (LD 5.) Nor was Ground Two presented in the state habeas petition before the California Supreme Court. (LD 11.)

The Supreme Court has held that a district court cannot adjudicate a mixed petition and must dismiss mixed petitions without prejudice. *Rhines*, 544 U.S. at 273-74; *see also Burton*, 127 S. Ct. at 797. However, a petitioner has the option of filing a motion for stay pending exhaustion of his claims for relief in state court in limited circumstances. *Rhines*, 544 U.S. at 277. A petitioner must show that there is good cause for the failure to exhaust claims in state court, the unexhausted claims are not meritless, and petitioner is not engaged in intentionally dilatory tactics. *Id.* at 277-78. A petitioner also has the option of proceeding only with the exhausted claims or, alternatively, withdrawing a mixed petition, exhausting the remaining claims in state court and returning to district court with a fully exhausted petition. *Burton*, 127 S. Ct. at 797.

Here, Petitioner failed to file an opposition to Respondent's motion to dismiss despite a Court Order dated January 10, 2008, that required Petitioner to file an opposition and explained the consequences of not doing so. Petitioner also failed to respond to the Court Order dated February 28, 2008, that found the petition to be mixed and explained Petitioner's options and the consequences of not exercising one of them on or before March 28, 2008.

### III.

### RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: April 18, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.